KETHLEDGE, Circuit Judge,
concurring in part and concurring in the judgment in part.
In the law, to attempt a thing is generally distinct from actually doing it. In order *253 for Michigan First to recover under the contract here, it had to show that its relevant lending policy was “enforced.” The majority cites various “enforcement mechanisms” as proof of such enforcement. Maj. Op. at 247. The problem with that analysis is that the cited mechanisms were totally ineffective, as least as to Michigan First’s indirect-lending program. As to that program, therefore, Michigan First has shown only that it (ineffectually) attempted to enforce the policy, not that it actually enforced it.
The parties here could have written a contract that conditioned coverage on attempted rather than actual enforcement. They did not do so, and in my view neither should we. But in this case that principle cuts both ways, since another aspect of the contract’s language ultimately sinks the insurance company’s position. Namely, the provision containing the “enforced” language applies not only to the indirect-lending program (where it was disregarded), but also to the direct-lending one, which is governed by the same lending policy. Per the contract’s terms, then, we measure “enforce[ment]” looking at both programs, rather than at the indirect-lending program in isolation. The relevant policy undisputedly was enforced in the direct-lending program, which comprised the bulk of Michigan First’s lending business. So measured, therefore, the policy was substantially enforced; and in my view that is all that the contract requires.
For these reasons, I concur in the judgment and otherwise concur in all but section III.B of the majority’s opinion.